# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 5, 2011

Lyle W. Cayce
Clerk

No. 10-40165
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DIONICIO MALDONADO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-264-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Dionicio Maldonado appeals his conviction for possession with intent to distribute more than 1,000 kilograms of marijuana. *See* 21 U.S.C. § 841. He argues (1) that the district court abused its discretion in admitting the testimony of Jose Torres and the corresponding wage records over an objection to relevance and (2) that the district court abused its discretion in admitting the wage records over a hearsay objection.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40165

The wage records and Torres's corresponding testimony were relevant to show that Maldonado was not employed on the date he purchased his truck for more than $26,000 and that there was no evidence of any employment around that time. *See* FED. R. EVID. 401. In fact, the social security number provided by Maldonado for the wage records search belonged to an individual with a different name. Maldonado's lack of employment and his possession of a large amount of cash to purchase the truck are among the circumstances from which the jury could have inferred his guilty knowledge of the $4.5 million of marijuana he possessed. *See, e.g., United States v. Ortega-Reina*, 148 F.3d 540, 544 (5th Cir. 1998). When viewed together with the bogus bill of lading (with nonexistent pickup and drop-off points) and no record of calls from "Chato," the person who allegedly hired Maldonado to drive the load of what was supposed to be ceramic tile, the evidence was relevant to show Maldonado's complicity in the offense. FED. R. EVID. 401; *see United States v. Villarreal*, 324 F.3d 319, 324 (5th Cir. 2003). Maldonado has not shown that the danger of unfair prejudice outweighed the probative value of the evidence. *See* FED. R. EVID. 401, 403.

The wage records did not constitute hearsay under FED. R. EVID. 801 because they fell within the business records exception to the hearsay rule. FED. R. EVID. 803(6). Torres's testimony indicated that it was the regular practice of the Texas Workforce Commission to collect and keep wage records in its daily course of business and that he was familiar with those records and how to search them for an individual's wage history. This testimony indicated that the wage records were reliable and that a proper foundation was laid for their introduction. *See United States v. Brown*, 553 F.3d 768, 792 (5th Cir. 2008); *United States v. Wells*, 262 F.3d 455, 462 (5th Cir. 2001).

Maldonado has not shown that the trial court based its evidentiary rulings on an erroneous view of the law or on a clearly erroneous assessment of the evidence. *See United States v. Yanez Sosa*, 513 F.3d 194, 200 (5th Cir. 2008). He has therefore failed to show that the district court abused its discretion in

admitting Torres's testimony and the wage records.  *See United States v. Jimenez Lopez*, 873 F.2d 769, 771 (5th Cir. 1989).

AFFIRMED.